Michael N. Feuer, City Attorney (SBN 111529)
Raymond S. Ilgunas, General Counsel (SBN 105874)
Brian Clark Ostler, Deputy City Attorney (SBN 185886)
bostler@lawa.org
OFFICE OF THE LOS ANGELES CITY ATTORNEY
1 World Way
P.O. Box 92216
Los Angeles, CA 90009
Tel: (310) 646-5010
Fax: (424) 646-9212

Philip H. Lam, Intellectual Property Counsel (SBN 172428)
phil.lam@lacity.org
Office of the City Attorney Mike Feuer
City of Los Angeles
200 North Main Street, CHE Suite 800
Los Angeles, CA 90012
Tel: (213) 978-2239
Fax: (213) 978-8312

Attorneys for Defendant,
Los Angeles International Airport

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RSA PROTECTIVE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES INTERNATIONAL AIRPORT,<br><br>Defendant. | Case No. 2:19-cv-10371-JAK-PLA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date:      June 8, 2020<br>Time:      8:30 a.m.<br>Location:  Courtroom 10B<br>Judge:     Hon. John A. Kronstadt |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................ 1

FACTUAL BACKGROUND ......................................................................... 2

SUMMARY OF THE ARGUMENT ............................................................ 4

ARGUMENT ................................................................................................. 5

I.      RSA FAILS TO ADEQUATELY PLEAD INFRINGEMENT ................... 5

    A.      The Complaint Does Not Adequately Identify the
       Accused Products ............................................................................ 6

    B.      The Complaint Is Deficient as to Infringement
       Allegations ....................................................................................... 9

II.     RSA FAILS TO ADEQUATELY PLEAD WILLFUL
    INFRINGEMENT ...................................................................................... 15

CONCLUSION ............................................................................................ 17

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ansell Healthcare Prod. LLC v. Reckitt Benckiser LLC*,
  2018 WL 620968 (D. Del. Jan. 30, 2018) ....................................................15

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177
  (2019) ...............................................................................................5, 6, 7, 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................1, 5, 6

*Atlas IP, LLC v. City of Naperville*,
  2016 WL 3907029 (N.D. Ill. July 19, 2016) ...............................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................1, 5, 6, 16

*Boston Sci. Corp. v. Nevro Corp.*,
  No. 18-0644-CFC, 2019 WL 6310225 (D. Del. Nov. 25, 2019)..................4

*Chapterhouse, LLC v. Shopify, Inc.*,
  2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) .................................5, 12, 13

*Elec. Scripting Prod. v. HTC Am. Inc.*,
  2018 WL 1367324 (N.D. Cal. Mar. 16, 2018) ................................5, 13, 14

*Finjan, Inc. v. Cisco Sys. Inc.*,
  2017 WL 2462423 (N.D. Cal. June 7, 2017)..............................................16

*Halo Elecs., Inc. v. Pulse Elecs*,
  136 S. Ct. 1923 (2016) ........................................................................15, 16

*Lyda v. FremantleMedia N. Am., Inc.*,
  2011 WL 2898313 (S.D.N.Y. July 14, 2011) ............................................10

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ...............................................................6, 7

*Novitaz, Inc. v. inMarket Media, LLC.*,
  2017 WL 2311407 (N.D. Cal. May 26, 2017)........................................5, 12

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

*Steve Madden, Ltd. v. Yves Saint Laurent*,
   2019 WL 2023766 (S.D.N.Y. May 8, 2019) ...........................................4

*Stillman v. Novartis Consumer Health, Inc.*,
   2011 WL 11745708 (C.D. Cal. Nov. 29, 2011) ...............................5, 15

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016) ...........................................................15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................*passim*

U.S. Patent No. 8,215,865.............................................................*passim*

Defendant Los Angeles International Airport ("LAX") submits this brief in support of its motion to dismiss the patent infringement Complaint filed by Plaintiff RSA Protective Technologies, LLC ("RSA") for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

RSA's Complaint fails in a number of respects to satisfy the pleading standard set out by the Supreme Court in *Twombly* and *Iqbal* and should be dismissed. First, the Complaint does not state with sufficient specificity which bollards installed and used by LAX purportedly infringe. The Complaint alleges that LAX infringes RSA's patent because it uses "shallow mount" bollards made by two suppliers: Barrier1 Systems, Inc. ("Barrier1") and Ameristar Perimeter Security, Inc. ("Ameristar"). Despite alleging that it submitted bids to provide bollards to LAX and that it sent cease and desist letters to LAX, RSA fails to specify where the allegedly infringing bollards are installed, whether it accuses all or some subset of installed bollards, and which Ameristar bollards are accused of infringement. RSA's Complaint is deficient on this ground alone.

Second, RSA's Complaint does not sufficiently explain how the accused products infringe, and instead makes threadbare allegations of direct infringement that are insufficient under the *Twombly/Iqbal* pleading standard. The Complaint makes conclusory and vague allegations against Barrier1 and Ameristar bollards and does virtually nothing to tie the accused products to the elements of the asserted claims, failing to give LAX notice of what it must defend. Moreover, the Complaint alleges that LAX's use of Ameristar "Ultra Shallow Mount Bollards" constitutes infringement, but many images that RSA points to in support of its infringement allegations are from different Ameristar products, rendering RSA's allegations as to Ameristar internally inconsistent and legally deficient. Accordingly, RSA's Complaint fails to adequately plead direct infringement.

1

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

Third, the Complaint contains a conclusory allegation of willful infringement in a single, brief sentence. It does not recite the elements of willfulness, let alone provide any factual allegations to support the elements. RSA's Complaint is thus deficient with respect to willful infringement.

LAX respectfully requests that the Court dismiss RSA's Complaint under Rule 12(b)(6).

## FACTUAL BACKGROUND

On December 28, 2019, RSA filed its Complaint against LAX, alleging that it infringes U.S. Patent No. 8,215,865 ("the '865 patent"), titled "Anti-Ram System and Method of Installation." ECF 1 ("Complaint") ¶¶ 1, 8, 15–16. The Complaint alleges that "LAX owns, rents, or controls land on which infringing shallow mount bollards have been installed and uses such shallow mount bollards . . . ." *Id.* ¶ 8.

The Complaint also alleges that "LAX had knowledge of the '865 patent by, at least, RSA providing such notice at the time it submitted quotes in support of its bids to provide RSA bollards to LAX, through subsequent cease and desist letters sent to LAX, and through RSA's marking its shallow mount bollard products with the '865 patent number." *Id.* ¶ 17. However, in asserting willful infringement, Count 1 of the Complaint (the sole Count asserted by RSA) alleges only that "LAX's infringement of the '865 patent has been, and continues to be, deliberate, willful, and knowing," without identifying the elements of willful infringement or providing allegations as to how those elements would be met. *Id.* ¶ 94.

As to its infringement allegations, RSA's Complaint alleges that "LAX is using infringing shallow mount bollards made by, at least, Barrier1 and Ameristar." *Id.* ¶ 16. In paragraphs 19–20 and 23–56, the Complaint identifies several Barrier1 products (the SMB-400, SMB-800, and SMB-1200) and alleges that they infringe the '865 patent, but nowhere does the Complaint tie those accused Barrier1 products to LAX's alleged use. *Id.* ¶¶ 19–20, 23–56. In paragraphs 21–22, the Complaint alleges

2

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

that Ameristar "Ultra Shallow Mount Bollard *series* infringe the '865 patent," but fails to identify the specific products in this series that it accuses of infringement, nor where or how they are allegedly used by LAX. *Id.* ¶¶ 21–22 (emphasis added). Moreover, as explained below, some of the images that RSA embeds into the Complaint show bollards that are not even in this "series" of Ameristar products. *Id.* ¶¶ 21–22, 60, 79, 81, 82, 84.

The Complaint recites the language of the independent claims of the '865 patent and includes allegations about the Barrier1 and Ameristar products as to certain claim elements. Claim 1 of the '865 patent is exemplary of the independent claims and recites:

> 1. A bollard structure comprising:
>
> at least one bollard; and
>
> a base comprising opposed ends and a plurality of structural members which intersect and are tied together, for each bollard of the bollard structure at least one first structural member extending from a first of the opposed ends of the base to a second of the opposed ends of the base in a first direction intersecting with the opposed ends, and at least one structural member extending to intersect with the at least one first structural member;
>
> each bollard being secured to at least one of the at least one first structural member and the at least one structural member of the base for the respective bollard and extending upwardly from the base so as to transmit forces applied to the at least one bollard to the base;
>
> wherein the base is configured to be mounted in a shallow excavation with the at least one bollard extending above grade; and
>
> wherein the at least one first structural member or the at least one structural member or both are configured or tied together to retain within the base supporting media introduced into the base when the base is mounted in the excavation such that the rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards.

'865 patent col. 9 ll. 17–41. RSA also recites verbatim the other independent claims and addresses dependent claims, and then points to a number of unlabeled images

3

whose source is not identified that purportedly map to certain claim limitations. However, these allegations are deficient in a number of respects, as will be described in detail below, and fail to put LAX on notice of the grounds of RSA's allegations of infringement.

## <u>SUMMARY OF THE ARGUMENT</u>

First, RSA does not adequately identify the bollards that are allegedly used by LAX that RSA accuses of infringement, or how the accused products allegedly infringe. This is a fatal error, and courts routinely dismiss such barebones complaints. *See e.g.*, *Steve Madden, Ltd. v. Yves Saint Laurent*, No. 18-CV-7592, 2019 WL 2023766, at *3–4 (S.D.N.Y. May 8, 2019) (dismissing a patent infringement claim because it failed to meet the *Iqbal/Twombly* standard); *Boston Sci. Corp. v. Nevro Corp.*, No. 18-0644-CFC, 2019 WL 6310225, at *3 (D. Del. Nov. 25, 2019) (dismissing patent infringement claims "because they fail to show how the accused products plausibly read on the asserted claim elements"); *Atlas IP, LLC v. City of Naperville*, No. 15 C 10744, 2016 WL 3907029, at *3 (N.D. Ill. July 19, 2016) (collecting cases confirming that it is insufficient under *Iqbal/Twombly* to simply parrot claim language with a conclusory allegation of infringement). Because the Complaint's infringement allegations against LAX are insufficiently pled, the Complaint should be dismissed.

Additionally, the Complaint merely alleges willful infringement in conclusory fashion. Not only are the Complaint's allegations as to the requisite knowledge for willfulness insufficient, but the Complaint fails to allege that LAX also had the requisite intent to infringe for willfulness. Accordingly, the Complaint should also be dismissed due to the insufficient allegations of willful infringement.

1                                     **ARGUMENT**

2   **I.   RSA FAILS TO ADEQUATELY PLEAD INFRINGEMENT**

3        A complaint must include sufficient allegations "to 'give the defendant fair

4 notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp.*

5 *v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The well-pleaded facts in

6 the complaint must permit the court to do more than merely infer the possibility of

7 misconduct and must instead give rise to a plausible entitlement to relief.  *Ashcroft v.*

8 *Iqbal*, 556 U.S. 662, 679 (2009).  "[T]he court need not accept as true conclusory legal

9 allegations cast in the form of factual allegations."  *Stillman v. Novartis Consumer*

10 *Health, Inc.*, No. 11-CV-5603, 2011 WL 11745708, at *1 (C.D. Cal. Nov. 29, 2011)

11 (citing *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  It is

12 insufficient to merely recite the elements of the claim.  *Twombly*, 550 U.S. at 555

13 (stating that the complaint must set forth "more than labels and conclusions, and a

14 formulaic recitation of the elements of a cause of action will not do").

15        In the patent infringement context, reliance on "broad functional language" and

16 failing specifically to identify alleged infringing products or give "defendants fair

17 notice of how they infringe[]" is not sufficient.  *Artrip v. Ball Corp.*, 735 F. App'x

18 708, 714–15 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177 (2019); *Elec. Scripting*

19 *Prod. v. HTC Am. Inc.*, No. 17-cv-5806-RS, 2018 WL 1367324, at *5 (N.D. Cal.

20 Mar. 16, 2018) ("Without sufficient factual allegations that would permit a court to

21 infer that a required element of the patent claim was satisfied, it is hard to see how

22 infringement would be probable").  Further, allegations that "merely parrot claim

23 language" are not "factual allegations" and represent only "[t]hreadbare recitals of the

24 elements of a cause of action, supported by mere conclusory statements," which "do

25 not suffice." *Novitaz, Inc. v. inMarket Media, LLC.*, 2017 WL 2311407, at *4 (N.D.

26 Cal. May 26, 2017); *see also Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-300,

27 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (granting motion to dismiss where

28

1  the complaint contained only "mere conclusory statement[s]" as to how claim

2  elements were met, and stating that "in order to pass the *Iqbal/Twombly* standard,

3  there must be accompanying factual details").

4  **A.    The Complaint Does Not Adequately Identify the Accused Products**

5  RSA's infringement allegations do not pass muster under the *Iqbal/Twombly*

6  pleading standard, which requires a complaint to identify accused products with

7  specificity and plausibly show how the products satisfy the asserted patent claims.

8  *See Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 679.   The Complaint's

9  allegations of infringement against LAX, based on products manufactured by Barrier1

10  and Ameristar, are too conclusory and lacking in specificity to survive a motion to

11  dismiss.  Complaint ¶¶ 19–86.

12  As an initial matter, the Complaint makes no attempt to put LAX on notice of

13  which of the bollards at LAX are the accused Barrier 1 and Ameristar bollards.

14  Instead, the Complaint generally alleges, based on "information and belief," that

15  "LAX owns, rents, or controls land on which infringing shallow mount security

16  bollards have been installed." *Id.* ¶ 8.  RSA alleges that it "submitted quotes in support

17  of its bids to provide RSA bollards to LAX," *id.* ¶ 17, and includes an unidentified

18  and unsubstantiated screen shot that it alleges shows that "LAX uses shallow mount

19  bollards designed and/or manufactured by Ameristar," *id.* ¶ 21, but then fails to

20  provide any notice to LAX as to where the allegedly infringing structures are located

21  or installed.  Not only does RSA purportedly have intimate knowledge of this LAX

22  bollard project and LAX's installation of bollards at the airport, but these bollards are

23  installed in public view. *See id.* ¶ 79 (photograph of bollards).   And yet RSA's

24  Complaint does not put LAX on notice of where the accused bollards are installed or

25  whether it accuses all or some subset of the LAX bollards. *See McZeal v. Sprint*

26  *Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (stating that a complaint must put

27  a defendant "on notice as to what he must defend"); *Artrip*, 735 F. App'x at 714–15

28

6

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

(holding third amended complaint to be "insufficient" where plaintiff's counsel toured defendant's facility and took pictures while there, but plaintiff's complaint still failed to identify the particular machines that allegedly infringed).  For this reason alone, RSA's Complaint fails to satisfy the *Iqbal/Twombly* pleading standard and should be dismissed under Rule 12(b)(6).

Turning to the alleged manufacturers, RSA's Complaint alleges that certain Barrier 1 products, "including but not limited to" certain models that "LAX uses," allegedly infringe.  *Id.* ¶ 23, 19.  But it provides no more specificity as to which bollards, if any, manufactured by Barrier 1 and actually installed at or used by LAX are accused of infringement.  RSA does not include even a single photograph or other factual allegation of any more specificity attempting to identify LAX's use of the accused Barrier1 products.   Moreover, the Complaint identifies three Barrier1 "structures," the SMB-400, SMB-800, and SMB-1200, that LAX "uses" and that allegedly infringe, *id.* ¶¶ 19–20, but then the Complaint contains no allegations that would put LAX on notice as to where such "structures" are used or installed.  This exacerbates the lack of specificity and further requires dismissal under Rule 12(b)(6). *See McZeal*, 501 F.3d at 1357; *Artrip*, 735 F. App'x at 714-15.

As to products manufactured by Ameristar, the Complaint fares worse. The Complaint again alleges that Ameristar products "including but not limited to" certain models that "LAX uses" allegedly infringe.  *Id.* ¶ 57.  The only specificity provided by the Complaint as to Ameristar bollards appears in paragraph 22 (and in similar allegations in other paragraphs):  "Upon information and belief, at least the Ameristar shallow mount bollards in the Ultra Shallow Mount Bollard series infringe the '865 patent."  As the term "*series*" suggests, Ameristar's "Ultra Shallow Series" includes *multiple configurations*, and RSA does not specify the configuration it contends infringes. *See* Ultra Shallow Bollard Series, Ameristar Security Products, available at   https://www.ameristarsecurity.com/en/products/fixed-removable-bollards/ultra-

7

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

1   shallow-mount-bollard-series/ (last visited Feb. 28, 2020).  This is insufficient to put

2   LAX on notice of a plausible claim of infringement, as RSA should notify LAX of

3   the specific configuration RSA accuses of infringement.

4         In addition, RSA's Complaint embeds images of ***different*** Ameristar bollard

5   models, but does not specifically indicate which model (or models) RSA believes

6   infringes.   Paragraph 21 of the Complaint shows two images of the K12 shallow

7   mount bollard, known as the "Gladiator."  (See images on page 6 of the Complaint.)[1]

8   The set of images on page 7 of the Complaint, which appear to be part of a screen shot

9   of unknown and unidentified origin, do not identify the specific products but appear

10  to depict Ameristar "SP1000" bollards and "Bulwark" bollards.[2]  The SP1000 bollards

11  are part of the Ultra Shallow Series, whereas Bulwark bollards are a different product

12  line.  Accordingly, the images in the Complaint add to the ambiguity concerning the

13  Ameristar products and further demonstrate that RSA has failed to plead a plausible

14  claim of infringement against LAX.

15

16  ───────────────
    [1] The two images embedded on page 6, as part of paragraph 21, appear here:
17  https://www.ameristarsecurity.com/Other/ameristarsecurityCOM/Specs%20and%20
    Drawings/Fixed%20and%20Removable%20Bollards/Ultra%20Shallow%20Series%
18  20(M50,%20PAS%2068,%20M30,%20K4%20Fixed%20or%20Removable)/M50%
    20Certified%20-%20Gladiator/Drawing-Ultra%20Shallow%20Series-M50.pdf.  The
19  legend at the bottom right states; "K12 shallow mount."  *Id.*

20  [2] One image of an SP1000 bollard from the screen shot on page 7 can be seen here:
    https://www.ameristarsecurity.com/Other/ameristarsecurityCOM/Specs%20and%20
21  Drawings/Fixed%20and%20Removable%20Bollards/Ultra%20Shallow%20Series%
    20(M50,%20PAS%2068,%20M30,%20K4%20Fixed%20or%20Removable)/PAS%
22  2068%20Certified%20-%20SP1000/Drawing-Ultra%20Shallow%20Series-
    PAS68.pdf.  Another SP1000 image is shown on the following web page:
23  https://www.ameristarsecurity.com/Other/ameristarsecurityCOM/Specs%20and%20
    Drawings/Fixed%20and%20Removable%20Bollards/Ultra%20Shallow%20Series%
24  20(M50,%20PAS%2068,%20M30,%20K4%20Fixed%20or%20Removable)/PAS%
    2068%20Certified%20-%20SP1000/Flyer-Ultra%20Shallow%20Series-PAS68.pdf.
25
    Bulwark    bollards    are    described    on    the    following    web    page:
26  https://www.ameristarsecurity.com/en/products/fixed-removable-bollards/bulwark-
    security-
27  bollard/?utm_source=Google&utm_medium=cpc&utm_campaign=Security-
    SAFETYAct&utm_content=Bulwark2&gclid=EAIaIQobChMItuT40Oj-
28  5wIVB77ACh1ahggNEAAYAiAAEgLjm_D_BwE.

                        MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
                                                         MOTION TO DISMISS
                                             Case No. 2:18-cv-02402-SJO-FFM

Adding to the vagueness of the Complaint, it includes a single, unlabeled photograph purportedly showing "Ameristar bollards installed at LAX" next to an unlabeled "design drawing" purportedly showing "a bollard structure." *Id.* ¶ 79.  But as shown below, the drawing and photograph bear little resemblance to each other and are insufficient to tie RSA's infringement allegations to any specific product to a use or installation by LAX.



In short, RSA's Complaint is legally deficient because it fails to adequately allege the accused products "used" by LAX and should be dismissed under Rule 12(b)(6).

### B.     The Complaint Is Deficient as to Infringement Allegations

The Complaint fails in a number of respects to adequately describe how the accused products allegedly infringe. *First*, in the sections addressing the Barrier1 and Ameristar bollards, the Complaint includes several images that are interspersed with the claim elements, but nowhere does the Complaint identify the source or origin of these images.  *See* Complaint ¶¶ 19, 21, 25-30, 49, 51-52, 59-60, 62, 77, 79, 81–82, 84.  Further, the Complaint purports that the images are tied to the Barrier1 and Ameristar accused products, but does not allege whether or how these images relate to bollard installations at LAX, and many of the images in the sections concerning Ameristar bollards are blurred and largely illegible.  *Id.* ¶¶ 21, 60, 62, 82, 84.  As explained above, another fatal deficiency stems from RSA's failure to specify the

Ameristar bollards that it contends infringe the '865 patent.  Throughout the sections of the Complaint addressing Ameristar bollards, *id.* ¶¶ 21-22 and 57-86, the Complaint embeds a number of images that purportedly show the accused Ameristar bollards.  But as demonstrated above, these images depict several different Ameristar bollard models, and not only does RSA's Complaint fail to allege which model specifically infringes, but without such specification, the Complaint makes it impossible to link the claim elements to a specific feature in a specific product that RSA contends infringes.  *See Artrip*, 735 F. App'x at 714-15 (affirming dismissal because the complaint's "broad functional language" was insufficient to identify the particular machines accused of infringement); *Lyda v. FremantleMedia N. Am., Inc*., No. 10 Civ. 4773, 2011 WL 2898313, at *2-3 (S.D.N.Y. July 14, 2011) (dismissing plaintiff's infringement claims because the complaint failed to identify the specific infringing product with particularity and the "vague allegations [we]re hardly sufficient to put Defendant on 'notice as to what [they] must defend'").

<u>*Second*</u>, the vast majority of the Complaint parrots the language of the claims with no explanation of how the elements of the claims are met, and to the extent the allegations reference the unsourced images, they fail to show how the claim elements map to the images.  For example, the Complaint alleges that the "Barrier 1 shallow mount bollard model SMB-1200 has a 'base' with 'opposed ends,' or the equivalent thereof, as shown in the following drawing:"

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM



*Id.* ¶ 27 (quotations added to claim elements). This unlabeled drawing does nothing to tie the claim elements of a "base" with "opposed ends" to the accused products; at most it indicates that something in the drawing is a "bollard unit." As another example, the Complaint alleges that somehow the following drawing shows that "Ameristar's bollards have a base with opposed ends":

*Id.* ¶ 59. But again, this unlabeled drawing does nothing to tie the "base" with "opposed ends" claim elements to the accused products. And the only drawing or figure that identifies a particular Ameristar product is a disembodied drawing title block that identifies the "K12 Shallow Mounted Bollard." *Id.* ¶ 63.

The Complaint includes many other paragraphs that simply parrot claim language and insert non-descript figures. Throughout the Complaint, RSA relies on excerpts of drawings and figures purportedly of the accused products, but the vast majority do not label any of the claim elements purportedly depicted by the drawings and figures. *Id.* ¶¶25-30, 49, 51-52, 59-62, 77, 79, 81-82, 84. Additional examples include the following paragraphs:

- "Upon information and belief, the Barrier1 shallow mount bollard model has a base with opposed ends, or the equivalent thereof, as shown in the

11

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

following drawing," including unlabeled drawings that fail to identify a base with opposed ends, *id.* ¶¶ 25-26;

- "Upon information and belief, the Barrier1 shallow mount bollards have 'a plurality of structural members,' or the equivalent thereof," including an unlabeled drawing that fails to identify structural members, *id.* ¶ 28;

- "Upon information and belief, Ameristar's shallow mount bollards have 'a plurality of structural members which intersect and are tied together,'" including unlabeled drawings that fail to identify a plurality of structural members or where they are tied together *id.* ¶ 60;

- "Upon information and belief, Ameristar's shallow mount bollard structure contains rebar members that extend parallel to the ends of the base and connect the structural members to which a first bollard is secured and a structural member to which a second adjacent bollard is secured, shown in the design drawing below, or the equivalent thereof," including an unlabeled and illegible drawing, *id.* ¶ 84.

Thus, RSA's Complaint fails to tie the claim language to the accused products or show how the accused products infringe. Such threadbare recitals of the claim elements, supported by mere conclusory statements that the claim elements are met, do not suffice. *Novitaz*, 2017 WL 2311407 at *4; *see also Chapterhouse,* 2018 WL 6981828, at *2 (holding that reciting claim language followed by screenshots was "a mere conclusory statement" that did not pass the *Iqbal/Twombly* standard).

*Chapterhouse* is illustrative because it involved deficiencies similar to RSA's Complaint, and in that case Judge Gilstrap granted the Rule 12(b)(6) motion. *Id.* at *1. The court noted that the plaintiff had taken an exemplary claim from each asserted patent and broken it down into individual elements with "supporting" screenshots. *Id.* at *2. However, citing an example from one the claims, the court observed that the plaintiff had merely parroted the claim language and stated "[a]n example is illustrated

below," followed by two screenshots.  The court observed that this was "a mere conclusory statement," and did not pass the *Iqbal/Twombly* standard, concluding: "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, [the plaintiff] must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."  *Id.*  The court thus granted the motion to dismiss.

Similarly, here, as illustrated above, RSA's Complaint parrots the claim language and cites to the unsourced images without explaining how they meet the claim limitations.  RSA makes no effort to map the detailed structural and functional limitations of the claims to the cited images (some of which are blurred and illegible).  The lack of specificity in these bare-bones allegations is exacerbated by the fact that in nearly every paragraph where an image is cited, the Complaint alleges that the cited image contains the structural limitations "*or equivalent thereof.*"  *Id.* ¶¶ 25–30, 51, 52, 59-60, 62, 77, 81–82, 84.  Therefore, RSA's infringement allegations not only fail to tie the details of the cited images to the claim elements, but also allege that the claim elements may be met by unspecified "equivalents."  *See Elec. Scripting*, 2018 WL 1367324, at *5 ("Without sufficient factual allegations that would permit a court to infer that a required element of the patent claim was satisfied, it is hard to see how infringement would be probable.").

*Third*, RSA's complaint is further deficient in its allegations to support the following claim limitations: "so as to transmit forces" and "resist rotation."  The Complaint alleges "[u]pon information and belief," that each manufacturer's products satisfy the "transmit forces" claim language because they "extend upwardly from the base so as to transmit forces applied to the at least one bollard to the base."  Complaint ¶¶ 30, 62 (quoting '865 patent, claim 1).  But no explanation is given.  The Complaint does not identify in what direction the forces must be applied or how such forces are

1   transmitted to the base.  Further, the Complaint alleges that certain test ratings show

2   that the accused products "resist rotation, or the equivalent thereof." *Id.* ¶ 33 (e.g., for

3   Barrier 1 products, "SMB400 model is capable of stopping a 15,000 pound vehicle

4   traveling at 30mph") and ¶ 65 (e.g., for Ameristar products, "M50/P1 Crash Test

5   Certified/K12/L3 Equivalent").   It is unclear whether the Complaint is actually

6   referring to the claim limitation that "rotation is resisted of a bollard or bollards and

7   the base from impact against the bollard or bollards."  *E.g.,* '865 patent, claim 1.  It is

8   unclear how these crash test ratings relate to the claim language in any way.  The

9   Complaint identifies no direction or axis of rotation to be resisted, and presumably

10  any mass of any shape and size would "resist rotation" to some extent in any direction.

11  Therefore, these allegations also fail to show how infringement would be probable.

12  *Elec. Scripting*, 2018 WL 1367324 at *5.

13         *Finally*, the Complaint's allegations of infringement of the dependent claims

14  are prime examples of insufficient allegations that merely parrot the claim language

15  and fail to explain how the products might infringe.  For example, the Complaint

16  alleges infringement of "claim 2 of the '865 patent, which recites '[t]he bollard

17  structure of claim 1, wherein at least one of the opposed ends is formed by a structural

18  member to which an end of the at least one first structural member is secured.'  Upon

19  information and belief, the structural members of the Barrier1 shallow mount bollards

20  are secured to one another where they intersect, or the equivalent thereof."  Complaint

21  ¶ 34 (quoting '865 patent col. 9 ll. 42–44).  This allegation fails to explain how the

22  accused products satisfy all the elements of the claim language, which appears to

23  require "opposed ends" formed by a "structural member" to be secured end to end

24  with another "first structural member."   As discussed above, the Complaint does

25  nothing to identify the "opposed ends" or "structural member" claim elements for the

26  independent claims, and this allegation similarly fails to point out where those

27  elements are satisfied in the accused products.  The allegation also fails to articulate

28

14

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

how the structural members are secured to one another.  Accordingly, this allegation, and the others like it for the dependent claims, are conclusory and provide none of the factual details necessary to determine whether a claim for relief is plausible.  *Stillman* v. *Novartis Consumer Health, Inc.,* No.11-CV-5603, 2011 WL 11745708, at *4 (C.D. Cal. Nov. 29, 2011).  The Complaint repeatedly parrots the claim language, followed by insufficient explanations alleging that the accused products contain certain terms from the claim language, based solely on "information and belief," that fails to tie the language of the claims to the accused products.  *See* Complaint ¶¶34–47, 50, 55, 56, 66–77, 80, 84–86.

For these reasons, the Complaint fails to set forth sufficient allegations under *Twombly/Iqbal* to plausibly plead direct infringement of the '865 patent, and LAX respectfully requests dismissal of the Complaint.

## II.    RSA FAILS TO ADEQUATELY PLEAD WILLFUL INFRINGEMENT

The Complaint's allegations of willful infringement also fail to meet the minimum pleading standards articulated by the Supreme Court, and do not fairly put LAX on notice of what RSA's claims are or the supporting grounds.

Willfulness turns on the subjective intent of the alleged infringer.  *Halo Elecs., Inc. v. Pulse Elecs.*, 136 S. Ct. 1923, 1926 (2016) ("A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").  Enhanced damages based on willful infringement may be awarded in "egregious cases of misconduct beyond typical infringement . . . such as those typified by willful misconduct."  *Halo*, 136 S. Ct. at 1993.  Pre-suit knowledge of a patent by itself is insufficient to show egregious behavior, as is willful blindness.  *Ansell*

*Healthcare Prod. LLC v. Reckitt Benckiser LLC*, No. 15-CV-915, 2018 WL 620968, at *7 (D. Del. Jan. 30, 2018).

The allegation of willfulness is conclusory and fails to specify the elements of willfulness, let alone reciting any factual allegations that would satisfy the elements. This alone renders RSA's willfulness allegation legally deficient under the *Iqbal/Twombly* pleading standard. *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The only allegations in the Complaint that could conceivably relate to willfulness concern LAX's alleged knowledge of the '865 patent—but even those allegations do not show that LAX had sufficient knowledge to know its conduct was allegedly infringing or provide factual support that LAX subjectively intended to infringe the '865 patent such that LAX's conduct was egregious.  The Complaint alleges that LAX knew about the '865 patent based on "information and belief [via] RSA providing such notice at the time it submitted quotes in support of its bids to provide RSA bollards to LAX, through subsequent cease and desist letters sent to LAX, and through RSA's marking its shallow mount bollard products with the '865 patent number" and that "LAX's infringement of the '865 patent has been, and continues to be, deliberate, willful, and knowing." Complaint ¶¶ 17, 94.   The Complaint does not allege any facts as to the content or type of notice given by RSA or that any person on behalf of LAX acknowledged the existence of the '865 patent, nor the content of the cease and desist letter, the response from LAX, or that LAX was aware of RSA's marking on its bollards products.  Further, the Complaint alleges nothing that plausibly shows LAX's intent to infringe.  The Complaint therefore "does not contain sufficient factual allegations to make it plausible that [LAX] engaged in 'egregious' conduct that would warrant enhanced damages under *Halo*," but instead makes the "conclusory allegation" that LAX's infringement was willful. *Finjan, Inc.*

16

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM

1  *v. Cisco Sys. Inc.*, No. 17-CV-00072, 2017 WL 2462423, at *5 (N.D. Cal. June 7,
2  2017).

3       Accordingly, the Complaint's allegations of willful infringement are
4  insufficient under the *Twombly/Iqbal* pleading standard and warrant dismissal for
5  failure to state a claim.

6                              **CONCLUSION**

7       For the foregoing reasons, LAX respectfully requests that RSA's Complaint be
8  dismissed for failure to state a claim under Rule 12(b)(6).

9
10  Dated:  March 4, 2020                OFFICE OF THE LOS ANGELES CITY
                                         ATTORNEY
11

12                                       By: */s/ Brian Clark Ostler*

13
14                                          Michael N. Feuer, (SBN 111529)
                                            Raymond S. Ilgunas, (SBN 105874)
15                                          Brian Clark Ostler, (SBN 185886)
                                            Philip H. Lam (SBN 172428)
16                                          1 World Way
                                            P.O. Box 92216
17                                          Los Angeles, CA 90009
                                            Tel: (310) 646-5010
18                                          Fax: (424) 646-9212
19
20                                          Philip H. Lam, (SBN 172428)
                                            phil.lam@lacity.org
21                                          Office of the City Attorney Mike Feuer
                                            City of Los Angeles
22                                          200 North Main Street, CHE Suite 800
                                            Los Angeles, CA 90012
23                                          Tel: (213) 978-2239
                                            Fax: (213) 978-8312
24
25                                       Attorneys for Defendant, LOS ANGELES
26                                       INTERNATIONAL AIRPORT
27
28
                                        17
                MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S
                                                        MOTION TO DISMISS
                                        Case No. 2:18-cv-02402-SJO-FFM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Brian Clark Ostler*
Brian Clark Ostler

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS
Case No. 2:18-cv-02402-SJO-FFM