Sasha G. Rao (SBN 244303)
srao@maynardcooper.com
MAYNARD COOPER & GALE, LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 704-7433

Duane Kumagai (SBN 125063)
dkumagai@maynardcooper.com
MAYNARD COOPER & GALE, LLP
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 596-4500

Joseph V. Saphia *(pro hac vice)*
JSaphia@haugpartners.com
Jessica H. Zafonte *(pro hac vice)*
JZafonte@haugpartners.com
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800

Attorneys for Plaintiff
RSA Protective Technologies, LLC

Michael N. Feuer, City Attorney (SBN 111529)
Raymond S. Ilgunas, General Counsel (SBN 105874)
Brian Clark Ostler, Deputy City Attorney (SBN 185886)
bostler@lawa.org
OFFICE OF THE LOS ANGELES CITY ATTORNEY
1 World Way
P.O. Box 92216
Los Angeles, CA 90009
Telephone: (310) 646-5010

Philip H. Lam, Intellectual Property Counsel (SBN 172428)
phil.lam@lacity.org
Office of the City Attorney Mike Feuer
City of Los Angeles
200 North Main Street, CHE Suite 800
Los Angeles, CA 90012
Telephone: (213) 978-

Attorneys for Defendant,
Los Angeles International Airport

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RSA PROTECTIVE TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES INTERNATIONAL AIRPORT,<br><br>　　　　　Defendant. | Case No. 2:19-cv-10371-JAK-PLA<br><br>**JOINT STIPULATION AND REQUEST TO STAY ACTION**<br><br>District Judge: John A. Kronstadt<br>Magistrate Judge: Paul L. Abrams |

Plaintiff RSA Protective Technologies, LLC ("Plaintiff" or "RSA") and Defendant Los Angeles International Airport ("Defendant" or "LAX"), through their respective counsel, hereby stipulate and request that the Court stay the present action based on the following grounds:

1. RSA filed this lawsuit against LAX on December 6, 2019, alleging that LAX infringes U.S. Patent No. 8,215,865 ("the '865 patent"). More specifically, in the Complaint (ECF No. 1), RSA alleges that "LAX is using infringing shallow mount bollards made by, at least, Barrier1 and Ameristar" at the LAX airport. "Barrier1" refers to Barrier1 Systems, Inc., and "Ameristar" refers to Ameristar Perimeter Security USA, Inc. Barrier1 and Ameristar are separate companies that manufacture and sell shallow mount bollards, and both companies' bollards are installed at LAX. LAX has not used shallow mount bollards from any company other than Barrier1 and Ameristar.

2. On March 4, 2020, LAX filed a Rule 12(b)(6) motion to dismiss RSA's Complaint. That motion is pending.

3. On March 6, 2020, Barrier1 and Ameristar filed separate declaratory judgment actions in the U.S. District Court for the District of Delaware ("Delaware Court"). The Delaware Court has assigned Case No. 1-20-cv-00340 to the Barrier1 case, and Case No. 1-20-cv-00341 to the Ameristar case. In those cases, Barrier1 and Ameristar are both asserting declaratory judgment claims seeking a declaration that, as manufacturers, their shallow mount bollards, including those used by LAX, do not infringe the '865 patent and an injunction against RSA barring it from alleging infringement against Barrier 1 and Ameristar or any of their respective customers based on their use of the two manufacturers' shallow mount bollards.

4. Barrier1 and Ameristar have served RSA with the declaratory judgment complaints filed in the Delaware Court, and those cases are currently pending.

5. On March 9, 2020, LAX counsel contacted RSA counsel to request a meet and confer to discuss LAX's proposed motion to stay this action based on the

two manufacturers' declaratory judgment actions filed in the Delaware Court. RSA's counsel requested that LAX confirm that Barrier1 and Ameristar are the only two manufacturers of shallow mount bollards being used by LAX, which LAX subsequently confirmed.

6. On March 17, 2020, RSA informed LAX that RSA would agree to stay this action.

7. Accordingly, RSA and LAX jointly request to stay this action and all deadlines, further briefing and ruling on the pending Rule 12(b)(6) motion, all discovery, and all other litigation activity while the two declaratory judgement actions pending in the Delaware Court are litigated.

8. Good cause exists to implement a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (considering, under the Ninth Circuit's traditional stay analysis, "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.") (internal quotation removed); *see also Tegic Commc'n corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) (stating that, under the "customer suit exception," the decision whether to stay a customer suit in favor of a declaratory judgment action by a manufacturer is based on the following factors: (1) whether the defendant is "mere[ly]" a customer or reseller of the manufacturer or its products; (2) whether the customer "agreed to be bound by any decision" in the manufacturer's case; and (3) whether the manufacturer is "the sole source" of accused products). First, this case is in its very early stages. LAX has not answered RSA's Complaint and instead has filed a Rule 12(b)(6) motion, which is pending. Discovery has not commenced. Second, LAX and RSA are not competitors, and LAX is only a customer that uses the Barrier1 and Ameristar bollards that RSA accuses of infringement. Third, LAX agrees to be bound by any decisions made in the Barrier1 and Ameristar

declarative judgment actions pending in the Delaware Court. Fourth, the two manufacturers, Barrier1 and Ameristar, are the sole source of the products accused of infringement in this action, and their cases will resolve the claims made by RSA against LAX. Therefore, a stay of this action is warranted.

9.  There have been no prior requests for a stay of this action.

The parties will notify the Court every three months after the stay is granted to report on status of the actions pending in the Delaware Court, and will promptly notify this Court of any settlement or final disposition of either of those actions.

Dated:  March 26, 2020

OFFICE OF THE LOS ANGELES CITY ATTORNEY

By: */s/ Brian Clark Ostler*

Michael N. Feuer, (SBN 111529)
Raymond S. Ilgunas, (SBN 105874)
Brian Clark Ostler, (SBN 185886)
bostler@lawa.org
1 World Way
P.O. Box 92216
Los Angeles, CA 90009
Tel: (310) 646-5010
Fax: (424) 646-9212

Philip H. Lam, (SBN 172428)
phil.lam@lacity.org
Office of the City Attorney Mike Feuer
City of Los Angeles
200 North Main Street, CHE Suite 800
Los Angeles, CA 90012
Tel: (213) 978-2239
Fax: (213) 978-8312

Attorneys for Defendant, LOS ANGELES INTERNATIONAL AIRPORT

| | | |
|---|---|---|
| 1 | Dated:  March 26, 2020 | HAUG PARTNERS LLP |
| 2 | | |
| 3 | | By: */s/ Joseph V. Saphia* |
| 4 | | Joseph V. Saphia (pro hac vice) |
| 5 | | JSaphia@haugpartners.com |
| | | Jessica H. Zafonte (pro hac vice) |
| 6 | | JZafonte@haugpartners.com |
| 7 | | HAUG PARTNERS LLP |
| | | 745 Fifth Avenue |
| 8 | | New York, NY 10151 |
| 9 | | Telephone: (212) 588-0800 |
| 10 | | |
| 11 | | Sasha G. Rao (SBN 244303) |
| | | srao@maynardcooper.com |
| 12 | | MAYNARD COOPER & GALE, LLP |
| 13 | | Transamerica Pyramid Center |
| | | 600 Montgomery Street, Suite 2600 |
| 14 | | San Francisco, CA 94111 |
| 15 | | Telephone: (415) 704-7433 |
| 16 | | Duane Kumagai (SBN 125063) |
| | | dkumagai@maynardcooper.com |
| 17 | | MAYNARD COOPER & GALE, LLP |
| 18 | | 1901 Avenue of the Stars, Suite 1900 |
| | | Los Angeles, CA 90067 |
| 19 | | Telephone: (310) 596-4500 |
| 20 | | |
| 21 | | Attorneys for Plaintiff, RSA |
| 22 | | PROTECTIVE TECHNOLOGIES, LLC |

## ECF ATTESTATION

I, Brian Clark Ostler, am the ECF User whose identification and password are being used to electronically file this Joint Stipulation to Request a Stay Action. In accordance with Local Rule 5-4.3.4, concurrence in and authorization of the filing of this document has been obtained from the counsel for Plaintiff, and the Office of the Los Angeles City Attorney shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

*/s/ Brian Clark Ostler*
Brian Clark Ostler

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 26, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Brian Clark Ostler*
Brian Clark Ostler